FILED
MAR - 8 2010

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | Criminal Case No. 06-385-KI |
| Plaintiff, | |
| | OPINION AND ORDER |
| vs. | |
| **JOHNNY M. BROWN,** | |
| Defendant. | |

Dwight C. Holton
Acting United States Attorney
District of Oregon
Lance Caldwell
Assistant United States Attorney
Amy E. Potter
Assistant United States Attorney
1000 SW Third Avenue, Suite 600
Portland, Oregon 97204-2902

    Attorneys for Plaintiff

Page 1 - OPINION AND ORDER

Thomas K. Coan
Attorney at Law
1001 SW Fifth Avenue, Suite 1400
Portland, Oregon 97204

    Attorney for Defendant

KING, Judge:

Johnny Brown is charged in a Fourth Superseding Indictment with wire fraud, false statements to a financial institution, and tax evasion. Pending before the court is Brown's Motion to Sever Counts for Separate Trial (#133).[1] For the following reasons, I deny the motion.

## LEGAL STANDARDS

Federal Rule of Criminal Procedure 8(a) permits the government to charge a defendant with two or more offenses in the same indictment if the offenses charged are of the same or similar character, are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Rule 14(a) provides for relief from joinder when such joinder would prejudice a party. In United States v. Ragghianti, 527 F.2d 586, 587 (9th Cir. 1975), the Ninth Circuit explained that the court should consider whether prejudice may arise because: (1) the jury may consider that the defendant must be bad to have been charged with so many things; (2) inadmissible proof of one offense may be admissible through a joined offense; or (3) the defendant may wish to testify on one count but not another.

---

[1] Brown entitled his submission as Motion for Relief from Prejudicial Joinder, but I use the docketed title to avoid confusion.

Page 2 - OPINION AND ORDER

## DISCUSSION

Brown seeks to sever the tax evasion charge (Count 14) from the other charges. If the Court concludes that the charges are properly joined, defendant argues that joinder will cause him unfair prejudice and will violate his right to a neutral jury and a fair trial.

Counts 1 through 13 charge Brown with wire fraud and false statements to a financial institution arising out of his scheme to fund his business and personal activities with the use of individuals' credit cards and lines of credit in 2003. The government also alleges Brown attempted to pay the individuals back in 2003 by engaging in a charge-back scheme through merchant bank accounts at U.S. Bank's expense.

In contrast, Count 14 charges Brown with evading payment of his income tax from 1992 to 1995 by:

> concealing and attempting to conceal from the [IRS] the nature, extent, and location of his income and assets and liabilities, placing funds, property and debts in the names of nominees, and concealing and attempting to conceal his access to, and the source of, funds he controlled and used to pay business and personal expenses as described in paragraphs 1-12 . . . .

Fourth Superseding Indictment, Count 14 ¶ 18.

Brown contends that Count 14 not only involves events occurring at different times from Counts 1 through 13, but it also has nothing to do with evading payment of taxes. Brown first argues that he did not obtain a credit card in a false name; the cards were other people's, so there were no "nominee" credit card holders and, therefore, no attempt on his part to conceal income. Furthermore, Brown contends using other people's credit cards is not a method of hiding income, but a way to borrow money. See United States v. Carlson, 235 F.3d 466, 468 (9th Cir. 2000)

Page 3 - OPINION AND ORDER

(government had to prove "affirmative attempt to evade" paying taxes).  Borrowed funds are not income or assets.

Brown also argues the government's theory that Brown placed real property in others' names to evade taxes has nothing to do with the credit card scheme alleged in Counts 1 through 13.  Similarly, the allegations that Brown had nominee bank accounts has nothing to do with the credit card scheme.

The government has characterized the case as a "simple tax case with a twist."  Gov't First Resp. at 2.  The government's theory is that Brown organized the fraud scheme in order to hide his income, assets and property from the IRS.  He used the credit cards to generate millions of dollars in cash advances, funding his business and personal expenses, which allowed him to hide his assets in real property held in others' names.  He did this in part because he knew the IRS would pursue property or assets in his name to pay past-due taxes.

I find, then, that the offenses are properly joined because the charges arise out of a common scheme or plan:  Brown's efforts to evade payment of his prior tax obligations.  The Fourth Superseding Indictment expressly links the counts together, charging defendant with "conceal[ing] from the Internal Revenue Service . . . his access to . . . funds he controlled and used to pay business and personal expenses as described in paragraphs 1-12."  Fourth Superseding Indictment, Count 14 ¶ 18.  Brown's defense is that he was simply borrowing money, not hiding income or assets, but the government intends to show that Brown stole the money to fund his lifestyle while he hid enterprises and properties from the IRS.  Brown may present his alternative view of the evidence, but that does not mean joinder is improper.

Brown also argues he is prejudiced by the joinder of the tax evasion and wire fraud counts. He is concerned that the jury might consider the combination of counts to reflect on his guilt, and he argues the proof is completely unrelated and evidence relevant to one count might not be admissible on the others. Brown contends evidence of his failure to file tax returns relevant to the tax evasion charge would prejudice his defense of the credit card scheme charges. He also suggests he may wish to testify in his own defense on one charge but not the other.

I agree with the government that, for the most part, the evidence will overlap at trial. The government will submit evidence that one of the purposes of the credit card scheme was to evade taxes, and the credit card scheme was one way the defendant was able to evade the IRS. Even if this evidence is not part of the charged crimes, it is evidence of knowledge, plan, intent, lack of mistake and motive under Federal Rule of Evidence 404(b). With respect to Brown's contention that he may wish to testify about one of the events but not the other, he must "show the specific testimony he will present about one offense, and his specific reasons for not testifying about others, to justify severance." United States v. Bronco, 597 F.2d 1300, 1303 (9th Cir. 1979). Brown has failed to do so.

I recognize the need to deal carefully with these evidentiary issues at trial and will seriously consider proposed jury instructions to minimize prejudice to the defendant to the extent evidence on one charge is not admissible on the other charges. In the end, however, because "the joined counts are logically related, and there is a large area of overlapping proof," I find joinder is appropriate. United States v. Evans, 796 F.2d 264, 265 (9th Cir. 1986) (quoting United States v. Anderson, 642 F.2d 281, 284 (9th Cir. 1981).

## CONCLUSION

For the foregoing reasons, Brown's Motion to Sever Counts for Separate Trial (#133) is denied.

IT IS SO ORDERED.

Dated this ___8TH___ day of ~~February~~ MARCH, 2010.

                                             _____
                                             Garr M. King
                                             United States District Judge

Page 6 - OPINION AND ORDER